UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $212,963.00 UNITED STATES CURRENCY | § | |
| | § | |
| Defendant. | § | |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

Plaintiff, the United States of America, by and through the United States Attorney, Alamdar S. Hamdani, and the undersigned counsel, Mary Ellen Smyth, Assistant United States Attorney, files this action for forfeiture *in rem* against the above-captioned property. The United States respectfully alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The seized currency is in the Southern District of Texas and is within the jurisdiction of this Court.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b). Acts and omissions giving rise to forfeiture occurred in the Southern District of Texas.

## PROPERTY SUBJECT TO FORFEITURE AND INTERESTED PARTIES

3. The property is described as follows: $212,963.00 in United States currency (hereinafter, "seized currency"), which was seized by agents of the Drug Enforcement Administration (DEA) during a Houston Police Department traffic stop of Abel Moreno-Balleza on September 26, 2023.

4. On or about December 29, 2023, Adriana Jones and Howard Miller, et al. submitted a claim through their attorneys, Michael Elsner, Esq. and Samuel F. Mitchell to the DEA contesting administrative forfeiture of the seized currency. No other person or entity filed a claim with DEA.

## STATUTORY BASIS FOR FORFEITURE

5. The seized currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

## FACTUAL BASIS FOR FORFEITURE

6. On September 26, 2023, Houston Police Department (HPD) Highway Interdiction Unit Officers K. Bradshaw and J. Mohammadi performed a traffic stop of a black GMC Sierra truck after observing the driver, Abel Moreno-Balleza (Moreno) make a wide improper U-turn in the 100 block of Winkler Drive, Houston, Texas. The GMC Sierra truck was also stopped for having unusually dark front window tint.

7. Moreno provided his Texas driver's license and concealed handgun license, advising Officer Bradshaw of a gun he had concealed in the console of the truck. While a criminal history and warrant check was conducted, HPD K9 Officer Seth Gillham arrived with his narcotic detecting K9 "Yukon". After Moreno refused consent to search his vehicle, Yukon was brought alongside the truck for the purpose of conducting an exterior free air sniff/inspection of the truck. In the location of the front driver's side door, Yukon alerted positively to the odor of narcotics.[1] Moreno claimed to have no narcotics but a "little bit" of money inside the vehicle.

8. K9 Officer Gillham opened the driver's side door and Yukon followed the odor to the rear bottom floorboard of the back seat where Yukon again positively alerted to the odor of narcotics. A large chip box was found on the floorboard behind the driver's seat. HPD Officer Bradshaw opened the chip box and discovered the seized currency wrapped in multiple plastic bags. A Glock 19 pistol was also recovered from the center console. An official count of the seized currency determined the amount to be $212,963.00.

9. Moreno was not arrested but was interviewed by DEA Special Agents on October 5, 2023. During the interview, Moreno admitted that he was a money courier and stated that the seized currency was proceeds from the sale of drugs in the New Orleans, Louisiana area. Moreno signed a written waiver of rights and interest in the seized currency.

## **CONCLUSION**

Based on the foregoing facts, there is probable cause to believe that the seized currency was intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 801, et. seq., or was proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the

---

[1] Yukon is certified in the detection of the odors of heroin, methamphetamine, and cocaine.

Controlled Substances Act, 21 U.S.C. § 801, et seq.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the seized property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this complaint was sent to you, in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, 1300 Victoria, Laredo, Texas, 78040. A copy must also be served upon the undersigned Assistant United States Attorney either electronically or at the address provided in this Complaint.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on any other persons who reasonably appear to be potential claimants in this matter. The United States seeks a final judgment forfeiting the seized currency to the United States and any other relief to which the United States may be entitled.

Respectfully submitted,

ALMADAR S. HAMDANI
United States Attorney

 /s/ Mary Ellen Smyth_____
Mary Ellen Smyth
Assistant United States Attorney
Texas Bar: 18779100
SDTX Admission: 31348
11204 McPherson Road, Suite 100A
Laredo, Texas 78040
Ofc: 956-723-6523-9571
Email: Mary.Ellen.Smyth@usdoj.gov

## VERIFICATION

I, Connor E. Fineberg, a Special Agent with the Drug Enforcement Administration (DEA), declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 6-9 are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the ___18___ day of ___April___ 2024.

Connor E. Fineberg,
Special Agent
Drug Enforcement Administration